IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN BELL, ET AL.,

        Plaintiffs,

    v.

JULIE SU, ET AL.,

        Defendants.

Case No. 2:19-cv-1550

Judge James L. Graham

TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' motion for a temporary restraining order under

Fed. R. Civ. P. 65(b) to enjoin defendants from (1) filing a state court action against plaintiffs regarding

Nationwide Mutual Insurance Company's "Your Time Plan" and (2) asserting jurisdiction over claims

related to the Your Time Plan benefits. On April 23, 2019, pursuant to Local Rule 65.1 of the

Southern District of Ohio, this Court held a telephonic conference with counsel in regard to Plaintiffs'

motion to reopen Case Number 2:08-cv-01 and their request for temporary relief in this action. The

party seeking temporary relief bears the burden of justifying such relief, including showing irreparable

harm and likelihood of success on the merits. McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiffs argue they are entitled to a temporary restraining order in light of the communicated

intent of the Office of California's Labor Commissioner to terminate the September 26, 2008 Consent

Decree entered in Case No. 2:08-cv-01 and to thereafter accept and adjudicate claims seeking payment,

under the laws of the State of California, of Your Time Plan benefits.

Pursuant to the Consent Decree, the Your Time Plan benefits are treated as governed

exclusively by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. The

Court finds that the complaint and accompanying motion for a TRO were filed to prevent the Labor

Commissioner from avoiding the Consent Decree's declaration that claims of the type referenced in the Consent Decree are preempted by ERISA. The Commissioner agreed to a protocol in the Consent Decree for how it would treat those claims and has complied with the Consent Decree for over ten years. The Court finds that continued enforcement of the Consent Decree is necessary to preserve the status quo pending the Court's resolution of jurisdictional issues in Case No. 2:08-cv-01.

Subjecting Plaintiffs to the uncertainty of violating legal obligations under either federal or state law is sufficient to constitute irreparable injury for which plaintiffs have no adequate remedy at law. Sherfel v. Gassman, 899 F. Supp. 2d 676, 710 (S.D. Ohio), *aff'd sub nom.*, Sherfel v. Newson, 768 F.3d 561 (6th Cir. 2014). The reasons set forth in support of Plaintiffs' motion, along with the Labor Commissioner's prior agreement to entry of the Consent Decree, sufficiently demonstrate, for purposes of the current motion, a likelihood of success on the merits and that the balance of harms supports maintaining the status quo.

Accordingly, to maintain the status quo and permit the parties an opportunity to more fully articulate their arguments, the Court GRANTS Plaintiffs' motion and ORDERS that a temporary restraining order be entered immediately enjoining Defendants, including such person(s) as may be considered or deemed to be the acting Labor Commissioner, in light of the vacancy of that office, as follows:

> 1. The Defendants and the Office of the Labor Commissioner are restrained from filing any state court action or taking any other legal action anywhere against Plaintiffs to enforce any state law related to the Your Time benefits;

> 2. The Defendants and the Office of the Labor Commissioner are restrained from asserting jurisdiction over, processing, investigating, or adjudicating any and all claims related to the Your Time benefits, including those asserted for forfeited Your Time

accruals, whether asserted as claims for vacation pay or vacation wages, and any claims for penalties related thereto;

3.    For the purposes of this Action, the Consent Decree entered in Case No. 2:08-cv-01 shall be deemed to remain in full force and effect, in order to maintain the status quo, until the Court resolves jurisdictional issues in Case No. 2:08-cv-01.  The Standstill Order entered on April 19, 2019 in Case No. 2:08-cv-01 will remain in full force until dissolved by the Court.

4.    The Court exercises its jurisdiction to issue injunctive relief without the posting of a bond.

**IT IS SO ORDERED.**


Dated:  April 23, 2019                          s/ James L. Graham
                                                James L. Graham
                                                United States District Judge