IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian Bell, *et al.*,                                         Case No: 2:19-cv-1550

        Plaintiffs,                              Judge Graham

    v.                                                  Magistrate Judge Vascura

Lilia Garcia-Brower, in her official capacity as
Labor Commissioner for the State of California,

        Defendant.

<u>Opinion and Order</u>

Plaintiffs Nationwide Mutual Insurance Company, the Benefits Administrative Committee ("BAC") of Nationwide Mutual Insurance Company, and BAC chairperson Brian Bell bring this action for declaratory judgment under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* The BAC administers an employee welfare benefit plan known as the "Your Time Plan," which is sponsored by Nationwide.

Plaintiffs bring suit against the Labor Commissioner for the State of California, who they fear might attempt to apply California law to claims made for vacation wage benefits by Nationwide employees. Plaintiffs seek a declaration that the Your Time Plan is governed exclusively by ERISA and that California's vacation benefit laws are preempted by ERISA.

Defendant moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) on the grounds that there is no actual case or controversy. Defendant argues that the case is moot because plaintiff has already obtained the relief sought in this suit through the related suit of *McGoldrick v. Bradstreet*, No. 2:08-cv-01 (S.D. Ohio). The Court agrees, as is explained below.

## I.    Procedural Background

In *McGoldrick*, plaintiffs brought suit against California's Labor Commissioner and alleged that ERISA governs the Your Time Plan and preempts state law. When the complaint in *McGoldrick* was filed in 2008, the Labor Commissioner had declared its intention to enforce California law in determining claims made by Nationwide employees for accrued vacation pay. The *McGoldrick* complaint sought injunctive relief prohibiting the Commissioner from hearing claims filed under state wage laws regarding the Your Time Plan.

1

On September 26, 2008, the Court entered a Consent Decree prohibiting the Commissioner from hearing claims regarding the Your Time Plan. The Commissioner expressly stipulated that "the Your Time Plan is and was an ERISA welfare benefit plan and California's vacation benefit laws are preempted as they relate to the Your Time Plan." Consent Decree § I. The Decree required the Commissioner to dismiss a claim for payment of benefits which fell under the Your Time Plan. *Id.* at § IX.A.1.

On February 11, 2019, a former Nationwide employee filed a claim for vacation wages with the California Department of Industrial Relations. On February 22 the Commissioner provided written notice to Nationwide that the Commissioner was purporting to terminate the Consent Decree. The Commissioner asserted that there had been a "change in applicable law" which warranted terminating the Decree. *See McGoldrick*, Doc. 23-1 at PAGEID 332-33. In support, the Commissioner cited a November 14, 2018 federal district court ruling in a putative class action brought by former employees against Nationwide. *Mostajo v. Nationwide Mut. Ins. Co.*, 351 F.Supp.3d 1301 (E.D. Cal. 2018). In *Mostajo*, the court held that ERISA did not preempt plaintiffs' state law claims as to vacation benefits.[1] *Id.* at 1308.

On April 16, 2019, plaintiffs filed a motion to reopen *McGoldrick* and sought relief to prevent the Commissioner from unilaterally terminating the Consent Decree and from hearing state law vacation benefit claims filed regarding the Your Time Plan.

Six days later, on April 22, plaintiffs filed this action. The complaint seeks a declaration that the Your Time Plan is governed exclusively by ERISA and that California wage laws are preempted as they relate to vacation benefits. Nationwide acknowledged that this action was brought to protect its interests in the event the Court declined to grant the motion to reopen *McGoldrick*. *See* Doc. 5 at PAGEID 21-22.

The Court, however, reopened *McGoldrick* and concluded that the Commissioner could not unilaterally terminate the Consent Decree. The Court held as follows:

> The Consent Decree remains in full force and effect and the Court retains jurisdiction over any disputes regarding the protocol. The Commissioner is hereby ENJOINED from terminating the Consent Decree until further order of the Court.

---

[1] The court in *Mostajo* later granted in part a motion for reconsideration, stating in reference to this Court's 2008 Consent Decree: "Because [the Commissioner] is bound by the Consent Decree – a final judgment – and could not bring California-law based claims with respect to the vacation benefits, Plaintiffs likewise cannot do so acting as the Agency's proxy or agent under [California's Private Attorneys General Act]." *Mostajo v. Nationwide Mut. Ins. Co.*, No. 2:17-CV-00350-JAM-AC, 2019 WL 1298990 at *3 (E.D. Cal. Mar. 21, 2019).

*McGoldrick*, August 1, 2019 Opinion and Order at p. 10.

The Court then directed that if the Commissioner wanted to move to dissolve or terminate the Consent Decree on the basis that *Mostajo* represented a change in applicable law, it could do so by October 1, 2019. The Commissioner opted not to move to dissolve or terminate the Consent Decree.

With the Commissioner not seeking to terminate the Consent Decree, plaintiffs amended their complaint in this action. They allege that the Commissioner has not responded to plaintiffs' communications concerning the Commissioners' intentions going forward. Plaintiffs seek assurance that the Commissioner will abide by the Consent Decree.

The Commissioner has moved to dismiss the action for lack of a case or controversy.

## II.    Discussion

Federal courts possess subject matter jurisdiction over actual cases or controversies. U.S. Const. Art. III, § 2. A plaintiff must satisfy the case or controversy requirement throughout the pendency of the proceedings, and not only when the complaint is filed. *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir. 1999). "Ordinarily, a federal court's jurisdiction over a pending litigation divests immediately upon termination of its 'actual controversy' status." *Id.*

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citations omitted). Here, the Court granted in *McGoldrick* the same relief that is sought in this case. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, __ U.S. __, 140 S. Ct. 1525, 1526 (2020) (per curiam) (holding that claim for declaratory and injunctive relief was moot where city's actions during the pendency of the suit granted petitioners "the precise relief" that petitioners had requested in their complaint). Specifically, the Consent Decree provides that "the Your Time Plan is and was an ERISA welfare benefit plan and California's vacation benefit laws are preempted as they relate to the Your Time Plan" and it prohibits the Commissioner from hearing claims regarding the Your Time Plan. And, as the Court's August 1, 2019 Opinion and Order clarified, the Commissioner cannot unilaterally terminate the Consent Decree but must petition the Court for approval.

In arguing that this case is not moot, plaintiffs contend that based on the ongoing litigation in *Mostajo*, the Commissioner "*may pursue* an application to terminate the Consent Decree *in the future*." Doc. 42 at PAGEID 609 (emphasis added). But that only proves its mootness. The *Mostajo*

litigation has not reached a final judgment, and, in any event, conjecture about what the Commissioner might do in the future does not create a case or controversy.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (holding that "'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be" are not sufficient to create a case or controversy); *see also Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 528 (6th Cir. 2001).  Unlike the documented, definitive statements made by the Commissioner prior to the filing and reopening of the *McGoldrick* suit that it intended to proceed with hearing Your Time Plan claims, the Commissioner has made no such statements since the Court's August 1, 2019 Opinion and Order.  The amended complaint contains no allegations that the Commissioner has otherwise violated or threatened to violate the Consent Decree.

"An exception to the mootness doctrine exists for wrongs that are capable of repetition, yet evading review."  *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (internal quotation marks omitted).  Even if the Commissioner were to threaten in the future to hear vacation benefit claims regarding the Your Time Plan, its action would not evade review.  As stated in the Court's August 1, 2019 Opinion and Order, the Commissioner must obtain this Court's approval in order to terminate the Consent Decree – an obligation that the Commissioner expressly acknowledges.  *See* Doc. 43 at PAGEID 620 ("[S]hould the Labor Commissioner decide at some point in the future to again seek termination of the Consent Decree, it will do so by filing a motion pursuant to Rule 60(b) for a court order terminating the Decree.").

## III.    Conclusion

Accordingly, defendant's motion to dismiss this action (doc. 40) is GRANTED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 2, 2020

4